T-MINERALS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
T-Minerals, Inc. v. Commissioner
Docket No. 5532-86
United States Tax Court
T.C. Memo 1990-290; 1990 Tax Ct. Memo LEXIS 308; 59 T.C.M. (CCH) 841; T.C.M. (RIA) 90290; June 12, 1990, Filed *308 Decision will be entered for the respondent. Michael Noble, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *309 OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: In a notice of deficiency dated November 29, 1985, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Taxable Year
Additions to Tax
Ended
Deficiency
Section 6653(b)
October 31, 1980
$ 2,223,033
$ 1,111,516.50   October 31, 1981
243,155
121,577.50   Petitioner's principal place of business was located in Boulder, Colorado, at the time the petition was filed herein. This case was called for trial at the Court's trial session in Los Angeles, California, on December 18, 1989. No appearance was made by or on behalf of petitioner. Counsel for respondent appeared and filed a motion to dismiss the case for lack of prosecution. Respondent states in his motion that all material allegations of fact set forth in the petition in support of the assignments of error have been denied by respondent in his answer. Respondent further states that he has met his burden of proof with respect to the issue of fraud by relying on requests for admissions filed November 14, 1988. The allegations contained therein were deemed admitted under *310 Rule 90(c) after petitioner failed to respond to them. The motion to dismiss was taken under advisement. Initially this case was part of a group of six cases. Prior to consolidation of that group and in anticipation of trial, respondent served this petitioner and five other petitioners with duplicate original copies of Respondent's First Request for Admissions. The request for admissions consisted of 37 pages containing 159 paragraphs and 118 attached exhibits. Many of the exhibits are books and records of petitioner and various related corporations and entities, as well as a transcript consisting of nearly 600 pages of testimony. The request for admissions contains detailed factual statements relating to the activities of petitioner and related entities and individuals. Such activities are also reflected and supported in the accompanying exhibits. No useful purpose will be served by repeating herein all of the requests for admissions pertaining merely to petitioner. However, paragraphs 155, 156, 157 and 159 provide, in pertinent parts, respondent's position with regard to petitioner: 155. During the years ended October 31, 1980 and 1981, T Minerals was engaged *311 in the mining business, with its principal place of business located at 7409 South Alton Court, Suite 210, Englewood, Colorado 80112. 156. During the years ended October 31, 1980 and 1981, T Minerals received income in the respective amounts of $ 5,164,576.51 and $ 904,282.25; the bulk of the amounts in question were paid to T Minerals pursuant to certain turnkey contracts for the exploration and development of mining claims owned by certain limited partnerships. [two individuals] and T Minerals participated in the formation of the limited partnerships in question and assisted in the sale of limited partnership interests therein. 157. On its tax returns for the years ended October 31, 1980 and 1981, T Minerals reported gross income in the respective amounts of $ 17,578 and $ 613,629. T Mineral's omission of over $ 5,000,000 and $ 250,000 in gross income for the years in question was fraudulent with intent to evade the tax. 159. There is a deficiency in income taxes due from the petitioner or petitioners in the above-entitled case for each of the years before the court in that case. A part of that deficiency is due to fraud.
The first issue is whether *312 the deficiencies for the taxable years ended October 31, 1980, and October 31, 1981, should be sustained. Respondent's determinations in the notice of deficiency are presumptively correct and petitioner bears the burden of proving error therein. ; Rule 142(a). Neither petitioner nor a duly authorized representative of petitioner appeared for trial, and no evidence was presented on petitioner's behalf. Accordingly, the deficiencies determined by respondent are sustained. The second issue is whether respondent's determination of the additions to tax should be sustained. Section 6653(b) provides for an addition to tax equal to 50 percent of an underpayment, if any portion of such underpayment was due to fraud. Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. a Memorandum Opinion of this Court; .Respondent bears the burden of proof by clear and convincing evidence. Section 7454(a); Rule 142(b); ; *313 .Fraud is a factual question to be determined by an examination of the entire record. . It is well settled that facts deemed admitted pursuant to Rule 90(c) are sufficient to meet respondent's burden of proving fraud. ; see also .For the taxable years before the Court, it has been deemed admitted that petitioner had substantial and intentional understatements of income. It has been deemed admitted that petitioner's omission of these large amounts from gross income for the years in question was fraudulent with intent to evade tax. It has also been admitted that there is a deficiency in income tax due from petitioner for each of the years before the Court and that part of each underpayment of tax is due to fraud. Accordingly, based on the facts deemed admitted, we hold that respondent has met his burden of proving fraud by clear and convincing evidence. We therefore sustain respondent's determination of the section 6653(b) *314 additions to tax for the taxable years ended October 31, 1980, and October 31, 1981. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩